IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES ALLEN SPIRES,<br><br>                    Petitioner,<br>     v.<br><br>CHARLES L. RYAN, et al.<br><br>                    Respondents. | |

Case No. 2:12-CV-01823-PHX-SLG

### ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Charles Allen Spires.[1]  The Petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) who issued a Report and Recommendation that recommends the denial of the Petition.

### *BACKGROUND*

On January 18, 2005, Mr. Spires was indicted by a grand jury in Maricopa County Superior Court on several counts of molestation of a child, sexual conduct with a minor, and public sexual indecency.  Prior to trial, he filed a motion to dismiss the indictment, arguing that the charges were not properly brought within the applicable

---

[1] Docket 1 (Pet.).

statute of limitations. Although the trial court granted that motion, on appeal the Arizona Court of Appeals reversed and remanded.

Thereafter, on June 24, 2008, Mr. Spires pled guilty to two counts of attempted child molestation, class 3 felonies and dangerous crimes against children in the second degree; and one count of sexual conduct with a minor, a class 2 felony and dangerous crime against children in the first degree.[2] On September 10, 2008, Mr. Spires was sentenced to a term of 25 years of imprisonment and two concurrent terms of 5 years of probation.[3]

On June 29, 2009, Mr. Spires filed a Pro Per Petition for Post-Conviction Relief after he was informed by appointed counsel that counsel could not find any claims for relief to raise on his behalf.[4] The Petition asserted that (1) the Superior Court "erred when it misapplied the law by using an incorrect legal standard in finding the charges . . . were not time-barred and violated Spires' constitutional rights in doing so," and (2) the Superior Court "erred when it sentenced Defendant Charles Spires under A.R.S. § 13-604.01" without providing notice of the elements of the enhancement, in violation of his due process rights.[5]

On January 26, 2010, the Superior Court issued a ruling that rejected Mr. Spires' claims and denying post-conviction relief.[6] Mr. Spires appealed that ruling; on

---

[2] Docket 10-2 at 97 (Ex. Y: Plea Agreement).

[3] Docket 10-2 at 27-28 (Ex. U: Sentencing Hearing Notes).

[4] Docket 10-2 at 75 (Ex. Y: Pro Per Petition).

[5] Docket 10-2 at 76, 86 (Ex. Y: Pro Per Petition).

[6] Docket 10-2 at 129, 131 (Ex. BB: Ruling on PCR).

November 20, 2011, the Arizona Court of Appeals summarily denied review.[7]  Mr. Spires did not seek review of that decision by the Arizona Supreme Court.[8]

Mr. Spires filed this habeas petition on August 29, 2012.[9]  In the petition, Mr. Spires asserts two grounds for relief: (1) that the Superior Court's rulings on the statute of limitations were "contrary to clearly established law," in violation of his due process and equal protection rights, and (2) that he was "never given notice of the true nature and cause that made his charges Dangerous Crimes Against children and was never told what element must be found within the plea agreement by the Trial Court to establish this designation" in violation of his Sixth and Fourteenth Amendment rights to notice and due process.[10]  Respondents filed an Answer on December 13, 2012.[11]

On May 31, 2013, the Magistrate Judge filed his Report and Recommendation and recommended that the Petition be denied and dismissed with prejudice.[12] Specifically, the Magistrate Judge concluded that regarding Mr. Spires' statute of limitations argument, "[a]ny challenge to whether the State complied with A.R.S. § 13-107 is a question of state law and is not cognizable on federal habeas review."[13] Moreover, "[e]ven were the Court to find this claim cognizable on federal habeas review,

---

[7] Docket 10-2 at 134 (Ex. CC: Petition for Review); Docket 10-2 at 152 (Ex. DD: Court of Appeals Order).

[8] Docket 1 at 3, 5 (Pet.).

[9] Docket 1.

[10] Docket 1 at 6-8.

[11] Docket 10 (Answer).

[12] Docket 11 at 17 (R&R).

[13] Docket 11 at 10.

Petitioner has not established that the state courts' holdings were . . . contrary to clearly established federal law, . . . involve[d] an unreasonable application of federal law, or were . . . based on an unreasonable determination of the facts."[14]  The Magistrate Judge also concluded that "the indictment apprised Petitioner of the factors which would enhance his sentence with sufficient clarity."[15]  Plus, "[b]oth the plea agreement and the Superior Court at the plea hearing described the offenses as dangerous crimes against children."[16]  Thus, "Petitioner's plea comported with due process standards, and there is nothing in the record to overcome the presumption that he pleaded voluntarily, knowingly, and intelligently."[17]

Mr. Spires filed his objections to the Magistrate Judge's report on June 14, 2013.[18]  There, Mr. Spires contests the veracity of several facts included in the Magistrate Judge's report, which had been directly quoted from the earlier decision of the Arizona Court of Appeals. He appended a 1992 police report.[19]  No response to the objections was filed by Respondents.

---

[14] Docket 11 at 10.

[15] Docket 11 at 14.

[16] Docket 11 at 16.

[17] Docket 11 at 16.

[18] Docket 12 (R&R Objections).

[19] Docket 12 at 1-2.  These factual challenges are not solely aimed at the background facts as summarized in the Magistrate Judge's report, but also assert the Arizona Attorney General misstated facts and ignored the 1992 Police Report, and that a detective involved in the investigation of this case lied on the witness stand and otherwise mishandled the investigation. Docket 12 at 1-2.  As all these contentions are not the basis for the legal recommendations of the Magistrate Judge, they are not appropriate for consideration in this habeas petition.

## *DISCUSSION*

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[20]  However, the Court must only "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[21]  Thus, "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[22]

This Court has reviewed the record in this case together with the Petitioner's objections and the 1992 police report appended thereto, and agrees with the Magistrate Judge's determination as set forth in the Report and Recommendation.  The claims raised by Mr. Spires are either not cognizable in a federal habeas action or fail on the merits.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation filed May 31, 2013 is adopted in its entirety, and the Petition for Habeas Corpus is DENIED and DISMISSED with prejudice.

2. The Clerk of Court shall enter a final judgment accordingly.

---

[20] 28 U.S.C. § 636(b)(1)(C).

[21] *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(C)) (emphasis omitted).

[22] *Reyna-Tapia*, 328 F.3d at 1121.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued by this Court.[23]  This Court finds that Mr. Spires has not made the requisite "substantial showing of the denial of a constitutional right" specified in 28 U.S.C. §2253(c)(2).  Any request for a Certificate of Appealability must be addressed to the Court of Appeals.[24]

DATED this 26th day of August, 2013.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a Certificate of Appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.*, when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

[24] Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.